RACHEL S. BRASS, SBN 219301
 rbrass@gibsondunn.com
LAURA A. SUCHESKI, SBN 302445
 lsucheski@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8429

JASON C. SCHWARTZ (*Pro Hac Vice Application to be Submitted*)
 jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC, 20036-5306
Telephone:   202.955.8500
Facsimile:   202.467.0539

Attorneys for Defendant
SUNRISE SENIOR LIVING, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY HEREDIA, as successor-in-interest to the Estate of Carlos Heredia; and CORBINA MANCUSO, as successor-in-interest to the Estate of Ruby Mancuso; on their own behalves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRISE SENIOR LIVING, LLC; and DOES 1 through 100,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL BY DEFENDANT SUNRISE SENIOR LIVING, LLC**<br><br>(Alameda County Superior Court Case No. RG17865541)<br><br>Action Filed: June 27, 2017<br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AUDREY HEREDIA, PLAINTIFF CORBINA MANCUSO, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), Defendant Sunrise

1

1  Senior Living, LLC ("SSL") hereby removes to the United States District Court for the Northern
2  District of California the above-captioned state court action, originally filed as Case No.
3  RG17865541 in Alameda County Superior Court, State of California.  Removal is proper on the
4  grounds explained below.  SSL has met and conferred with Plaintiffs' counsel, who indicated that
5  Plaintiffs do not oppose removal.

# TABLE OF CONTENTS

Page

I. Background ................................................................................................................ 3

II. Removal Is Timely ..................................................................................................... 5

III. The Court Has Jurisdiction Under 28 U.S.C. § 1332(a) ............................................ 5

    A. SSL and Plaintiffs Are Citizens Of Different States ....................................... 5

    B. The Amount In Controversy Exceeds $75,000 For Each Plaintiff ................. 6

        1. Plaintiffs' Claims For Restitution Of Payments To SSL Exceed The Jurisdictional Threshold ................................................................. 7

        2. Plaintiffs' Requests For Statutory Treble Damages, Punitive Damages, And Attorneys' Fees Leave No Doubt That The Jurisdictional Threshold Is Met ........................................................ 8

IV. This Court Has Jurisdiction And Removal Is Proper ................................................. 8

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ...................................................................................5

*Chabner v. United of Omaha Life Ins. Co.*,
  225 F.3d 1042 (9th Cir. 2000) ........................................................................................6

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) .......................................................................................................4

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ........................................................................................6

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ..........................................................................................4

*Holley v. Techtronic Indus. N. Am., Inc.*,
  2016 WL 7474811 (N.D. Cal. Dec. 29, 2016) ...............................................................3

*Jasso v. Money Mart Exp., Inc.*,
  2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ...................................................................5

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ..........................................................................................4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ...........................................................................5

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..........................................................................5

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ........................................................................................4

*Snyder v. Harris*,
  394 U.S. 332 (1969) .......................................................................................................3

*Wisconsin Dept. of Corrections v. Schacht*,
  524 U.S. 381 (1998) ...................................................................................................3, 4

## Statutes

28 U.S.C. § 84(c) ...................................................................................................................7

28 U.S.C. § 1332(A) .........................................................................................................3, 4

28 U.S.C. § 1332(c)(1) .................................................................................................................. 4

28 U.S.C. § 1332(c)(2) .................................................................................................................. 3

28 U.S.C. § 1441 ........................................................................................................................... 3

28 U.S.C. § 1441(a) ...................................................................................................................... 7

28 U.S.C. § 1441(b)(1) .................................................................................................................. 3

28 U.S.C. § 1446(b) ...................................................................................................................... 3

Cal. Bus. & Prof. Code §17200 .................................................................................................... 2

Cal. Civ. Code § 1750 *et seq*. ....................................................................................................... 1

Cal. Code Civ. P. 415.30(c) .......................................................................................................... 3

Cal. Welf. & Inst. Code § 15610.30 .............................................................................................. 2

**Rules**

Fed. R. Civ. P. 6(a)(1) ................................................................................................................... 3

## I. BACKGROUND

1. Plaintiff Audrey Heredia as successor-in-interest to the Estate of Carlos Heredia ("Plaintiff Heredia") and Plaintiff Corbina Mancuso as successor-in-interest to the Estate of Ruby Mancuso ("Plaintiff Mancuso") (collectively "Plaintiffs") filed a putative class action Complaint against Sunrise Senior Living, LLC ("SSL") on June 27, 2017 in Alameda County Superior Court, State of California, Case No. RG17865541, captioned *Audrey Heredia as successor-in-interest to the Estate of Carlos Heredia; and Corbina Mancuso as successor-in-interest to the Estate of Ruby Mancuso; on their own behalves and on behalf of others similarly situated, Plaintiffs vs. Sunrise Senior Living, LLC; and Does 1 Through 100, Defendants* (the "Action"). *See* Declaration of Rachel S. Brass ("Brass Decl."), Ex. A ("Complaint" or "Compl.").

2. Plaintiffs sought and obtained several extensions of their deadline to serve the Complaint on SSL. *See*, *e.g.*, Brass Decl., ¶ 3, Ex. B. On November 17, 2017, the Alameda County Superior Court granted a service extension to January 3, 2018 and indicated that no further extensions would be granted. *Id.* On December 5, 2017, the Alameda County Superior Court issued an Order re Case Management scheduling a further Case Management Conference for February 6, 2018. *See id.* ¶ 3.

3. There have been no substantive filings or proceedings in the Action since the Alameda County Superior Court issued its December 5, 2017 Order. *See* Brass Decl. ¶ 5.

4. In their Complaint, Plaintiffs allege three claims:

   a. In their first claim, Plaintiffs allege that SSL made misrepresentations about its use of a resident assessment system to set staffing to meet resident needs, thereby purportedly violating California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*. Compl. ¶¶ 95-99. Plaintiffs further allege that they suffered "actual damages" as a result of these violations because they "paid money to [SSL], in the form of the new resident fee (called a "Move-in Fee"), their initial monthly fees, and additional monthly fees, paid in exchange for residency and services," which they would not have done "had they known the truth about [SSL]'s policies and practices for staffing . . . ." *Id.*

¶ 105.  Plaintiffs' Complaint states that they intend to seek an injunction and damages in connection with this alleged violation.  *Id.* ¶¶ 107-108.

    b.    Plaintiffs' second claim alleges that SSL's purported misrepresentations with regard to the use of assessment information in staffing decisions amount to unlawful, unfair, and fraudulent business practices prohibited by California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200.  Compl. ¶¶ 110-113.  Plaintiffs seek restitution of the amounts they paid to SSL "to enter the facility and for services" and an injunction against future alleged unlawful conduct.  *Id.* ¶¶ 119-120.

    c.    Finally, in their third claim, Plaintiffs allege that SSL's alleged conduct also amounts to a violation of California's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15610.30.  Compl. ¶¶ 121-27.  Plaintiffs seek an injunction ordering that SSL make particular disclosures regarding its use of resident assessment information in staffing decisions.  *Id.* ¶ 128.  Plaintiffs also seek "compensatory damages, reasonable attorneys' fees, costs and expenses, punitive damages, treble damages pursuant to California Civil Code section 3345, and all other remedies permitted by law."  *Id.* ¶ 129.

5.    SSL denies any liability in this case, either with respect to Plaintiffs' individual claims or with respect to absent persons, and will present compelling defenses to these claims on the merits.  SSL also intends to oppose class certification.  SSL will argue that Plaintiffs' claims are ill-suited to class-based adjudication, among other reasons, because there are many material differences between the named Plaintiffs and the residents of assisted living communities managed by an SSL affiliate that Plaintiffs seek to represent in their Complaint, and because the claims they assert are inherently highly individualized.  SSL expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint.[1]

---

[1] Plaintiffs should have named Sunrise Senior Living Management, Inc., not Sunrise Senior Living LLC, as the defendant in this action.  If Plaintiffs do not agree to substitute the correct defendant, Defendant reserves its right to seek relief from the Court.  In any event, diversity will still exist,

*(Cont'd on next page)*

6. However, for purposes of the jurisdictional requirements *for removal only*, as set forth in more detail below, each of Plaintiff Heredia and Plaintiff Mancuso's allegations against SSL puts more than $75,000 in controversy.

## II.   REMOVAL IS TIMELY

7. On January 3, 2018, counsel for SSL executed a written acknowledgment of receipt of service of the Complaint on behalf of SSL.  *See* Brass Decl., Ex. C.  Under California law, service is deemed complete on the date of the execution of that acknowledgment.  Cal. Code Civ. P. 415.30(c).

8. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## III.   THE COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(A)

9. Removal of an action based on diversity of citizenship is proper if:  (1) the action is between citizens of different states and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C § 1332(a); 28 U.S.C. § 1441.  Because both requirements are satisfied in this case, removal based on diversity of citizenship is appropriate.

**A.   SSL and Plaintiffs Are Citizens Of Different States**

10. SSL and Plaintiffs are citizens of different states, and therefore the diversity of citizenship requirement is met.  *See* 28 U.S.C. § 1332(a); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  The citizenship of absent putative class members is not considered. *Snyder v. Harris*, 394 U.S. 332, 340 (1969).  The citizenship of the fictitious "Doe" defendants is also not considered.  28 U.S.C. § 1441(b)(1); *Holley v. Techtronic Indus. N. Am., Inc.*, 2016 WL 7474811, at *2 n.1 (N.D. Cal. Dec. 29, 2016).

11. Plaintiff Audrey Heredia brings this case as the legal representative of the estate of Carlos Heredia.  Plaintiffs allege that Mr. Heredia was a resident of the State of California at all relevant times.  Compl. ¶ 10.  Because "the legal representative of the estate of a decedent shall be

---

*(Cont'd from previous page)*

as Sunrise Senior Living Management, Inc. is a Virginia corporation with its principal place of business in McLean, Virginia.  Roder Decl., ¶ 8.

deemed to be a citizen only of the same State as the decedent," 28 U.S.C. § 1332(c)(2), Plaintiff Heredia is a citizen of California.

12. Plaintiff Corbina Mancuso brings this case as the legal representative of the estate of Ruby Mancuso. Plaintiffs allege that Ms. Mancuso was a resident of the State of California at all relevant times. Compl. ¶ 11. Because "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent," 28 U.S.C. § 1332(c)(2), Plaintiff Mancuso is a citizen of California.

13. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. SSL is organized under the laws of the State of Delaware and its principal place of business is located in McLean, Virginia. Declaration of Marc Roder ("Roder Decl."), ¶ 6. SSL is wholly owned by Red Fox Holding Corporation, which is a Delaware corporation with its principal place of business in McLean, Virginia. Roder Decl., ¶ 7.

15. Because each Plaintiff's state of citizenship is different from that of SSL, the complete diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a); *Schacht*, 524 U.S. at 388.

**B.   The Amount In Controversy Exceeds $75,000 For Each Plaintiff**

16. Plaintiffs do not plead a specific amount in controversy. Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Ninth Circuit applies "a preponderance of the evidence standard" to determine whether removal is proper. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A defendant seeking to remove on the basis of diversity need only "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional] amount" of $75,000 as to each plaintiff. *Id.*, 506 F.3d at 699 (internal quotation marks omitted). To satisfy this burden of proof, a defendant may rely on a "reasonable" "chain of reasoning" based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). While the named Plaintiffs' claims may not be aggregated to reach the jurisdictional threshold, only one named

Plaintiff's claim must satisfy the amount-in-controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) (as long as "at least one" plaintiff's claims exceed jurisdictional minimum, supplemental jurisdiction may be exercised over the claims of other parties).

17. Moreover, in assessing whether the amount in controversy has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465, at *2 (N.D. Cal. Mar. 1, 2012) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)). Although SSL denies all liability with respect to each of Plaintiffs' claims, the allegations in the Complaint place more than $75,000 "in controversy" as to each Plaintiff for the purposes of removal.

     **1.**    **Plaintiffs' Claims For Restitution Of Payments To SSL Exceed The Jurisdictional Threshold**

18. Plaintiffs claim that their actual damages for SSL's alleged violation of California's Consumer Legal Remedies Act and California's elder abuse law amount to the "new resident fee (called a "Move-In Fee"), their initial monthly fees, and additional monthly fees, paid in exchange for residency and services." *See* Compl. ¶¶ 105, 123. Plaintiffs also claim restitution of these payments under California's Unfair Competition Law. *Id.* ¶ 118.

19. SSL denies that actual damages or restitution are owed to Plaintiffs. However, for purposes of this jurisdictional analysis *only,* SSL relies on Plaintiffs' allegations that such amounts are owed.

20. Plaintiffs allege that Carlos Heredia lived in a Sunrise community from June 2014 to April 2015. Compl. ¶ 51. Sunrise Senior Living Management, Inc. ("SSLM") was paid $73,661.41 for residency and services provided to Mr. Heredia. Roder Decl. ¶ 10.

21. Plaintiffs allege that Ruby Mancuso lived in a Sunrise community from December 2012 to January 2016. Compl. ¶ 60. SSLM was paid $135,332.23 for residency and services provided to Ms. Mancuso. Roder Decl. ¶ 12.

### 2. Plaintiffs' Requests For Statutory Treble Damages, Punitive Damages, And Attorneys' Fees Leave No Doubt That The Jurisdictional Threshold Is Met

22. Claims for treble and punitive damages may be taken into account for purposes of evaluating the amount in controversy. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). And, where attorneys' fees are statutorily available, requests for such fees are properly considered in assessing whether the amount in controversy has been satisfied for purposes of removal. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

23. Plaintiffs claim that they are entitled to treble damages under California Civil Code § 3345. Compl. ¶ 129.

24. Assuming for purposes of removal only that Plaintiffs may seek treble damages, their allegations place no less than $233,134.23 in controversy as to Plaintiff Heredia and $405,996.69 in controversy as to Plaintiff Mancuso for damages alone. These amounts include actual damages measured by the amounts SSLM was paid for residency, care, and services provided to Plaintiffs and an award of treble damages. These figures do not include Plaintiffs' additional requests for attorneys' fees or punitive damages, which are not valued in the Complaint. Compl. at p. 32, Prayer for Relief. Based on the foregoing, the jurisdictional amount in controversy requirement is met here and removal to this Court is proper under 28 U.S.C. § 1332(a) and § 1441.

### IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

25. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

(a) This is a civil action within the meaning of § 1332(a);

(b) The amount in controversy as to each named Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs as required by Section

1332(a); and

  (c)  Each named Plaintiff is a citizen of a state different from that of any defendant as required by Section 1332(a)(1).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.

  26.  The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in Alameda County Superior Court. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

  27.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon SSL are attached as Exhibits A and B to the Declaration of Rachel S. Brass filed concurrently herewith.

  28.  Upon filing the Notice of Removal, SSL will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Alameda County Superior Court, pursuant to 28 U.S.C. § 1446(d).

  WHEREFORE, SSL hereby respectfully removes this action from the Superior Court of California in and for the County of Alameda to this United States District Court.

Dated: January 29, 2018    GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Rachel S. Brass*
    Rachel S. Brass

Attorneys for Defendant SUNRISE SENIOR LIVING, LLC