UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Audrey Heredia as successor-in-interest to the Estate of Carlos Heredia; Amy Fearn as successor-in-interest to the Estate of Edith Zack; and Elise Ganz, as successor-in-interest to the Estate of Helen Ganz; on their own behalves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Sunrise Senior Living, LLC; Sunrise Senior Living Management, Inc.; and Does 2 - 100,<br><br>Defendants. | CASE NO. 8:18-cv-1974-JLS (JDEx)<br><br>**[PROPOSED] FINAL JUDGMENT**<br><br>Date:     November 8, 2024<br>Time:    10:30 a.m.<br>Place:    Courtroom 8A, 8th Fl.<br>Judge:   Hon. Josephine L. Staton |

By order dated December 3, 2024, this Court granted Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards. Dkt 644. For the reasons stated in the December 3, 2024 Order,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. In this action, Plaintiffs Amy Fearn as successor-in-interest to the Estate of Edith Zack and Helen Ganz as successor-in-interest to the Estate of Elise Ganz (collectively, the "Named Plaintiffs") assert claims on behalf of themselves and a class of similarly situated persons against Defendants Sunrise Senior Living, LLC and Sunrise Senior Living Management, Inc. ("Sunrise").

2. This Court has jurisdiction over the subject matter and Parties to the Actions pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1453, and 28 U.S.C. § 1367.

3. The terms and conditions of the settlement are set forth in the parties' Stipulation of Settlement and Addendum thereto (collectively, "Settlement Stipulation" or "SS"). Dkts 631-3, 631-5. Among other terms, the Settlement Stipulation includes a Court-ordered injunction ("Injunction"). Dkt 631-4. Unless otherwise stated herein, the terms of the Settlement Stipulation and Injunction are hereby incorporated in full into this Judgment and any initial capitalized term herein (including without limitation, "Effective Date," "Released Claim" and "Released Party") shall have the same meaning as provided in the Settlement Stipulation.

4. The Court has granted final approval of the Settlement Stipulation as fair, reasonable, adequate and in compliance with applicable Federal Rules of Civil Procedure. Dkt 644. As stated in the December 3, 2024 Order, the Court considered and overruled all objections to the Settlement Stipulation. The terms of the Settlement Stipulation and Injunction are hereby incorporated into this Judgment.

5. Further, the Court has confirmed certification of the Settlement Class

for settlement purposes. Dkt 644. The Settlement Class is defined as all persons who resided at one of the Sunrise California Communities (defined below) at any time during the Settlement Class Period (defined below), who contracted with and paid money to Sunrise pursuant to a residency agreement, and whose claims are not subject to arbitration because: (1) neither the Resident nor Resident's Responsible Party (as defined in the residency agreement) agreed to or accepted an arbitration provision in writing; or (2) if arbitration was initially accepted, the Resident or Resident's Responsible Party provided written notice of withdrawal within the 30-day period prescribed in the residency agreement. Dkt 644, pp. 3, 7.

6. Excluded from the Settlement Class are Settlement Class Members who directly or through their legal successor submitted a valid and timely Request for Exclusion. Not later than five (5) business days after entry of this Judgment, Class Counsel shall file a list compiled by the Settlement Administrator of all valid and timely submitted Requests for Exclusion.

7. The Sunrise California Communities are Sunrise at Alta Loma, Sunrise at Belmont, Sunrise at Beverly Hills, Sunrise at Bonita, Sunrise at Burlingame, Sunrise at Canyon Crest, Sunrise at Carmichael, Sunrise at Claremont, Sunrise of Cupertino, Sunrise at Danville, Sunrise at Fair Oaks , Sunrise at Fresno, Sunrise at Fullerton, Sunrise at Hermosa Beach, Sunrise at Huntington Beach, Sunrise at La Costa, Sunrise at La Jolla, Sunrise at La Palma, Sunrise at Mission Viejo, Sunrise at Monterey, Sunrise at Oakland Hills, Sunrise of Orange, Sunrise at Palo Alto, Sunrise at Palos Verdes, Sunrise at Petaluma, Sunrise at Playa Vista, Sunrise at Pleasanton, Sunrise at Rocklin, Sunrise at Sacramento, Sunrise at Sabre Springs, Sunrise at San Marino, Sunrise at San Mateo, Sunrise at Santa Monica, Sunrise of San Rafael, Sunrise at Seal Beach, Sunrise at Sterling Canyon, Sunrise at Studio City, Sunrise at Sunnyvale, Sunrise at Tustin, Sunrise at Walnut Creek, Sunrise at West Hills, Sunrise at Westlake Village, Sunrise at Wood Ranch, Sunrise at Woodland Hills, and Sunrise at Yorba Linda.

8. Except as provided herein, the Settlement Class Period runs from June 27, 2013 through and including three (3) business days prior to the Class Notice Date. As the Class Notice Date is August 27, 2024, Dkt 644, p. 4, the Settlement Class Period terminates on August 22, 2024; provided that, the Settlement Class Period commences on the following dates for residents of these Communities: Sunrise of San Rafael (September 29, 2016), Sunrise of Cupertino (October 1, 2023), and Sunrise of Orange (April 27, 2023).

9. As confirmed in prior Court orders, Named Plaintiffs Amy Fearn and Elise Ganz are adequate and typical Class Representatives. See Dkt 644, p. 6. The following Plaintiffs' Counsel have been approved to serve as Class Counsel: Stebner, Gertler & Guadagni; Schneider Wallace Cottrell Konecky LLP; Dentons US LLP; Marks, Balette, Giessel & Young, PLLC; Janssen Malloy LLP; Law Offices of Michael D. Thamer; and Trails Law Group. *Id*. CPT Group, Inc. ("CPT") has been approved as the Settlement Administrator. *Id*.

10. In accordance with the Court's prior orders, the Settlement Class Notice was disseminated to the Settlement Class. Dkt 644, pp. 6-7. The Court finds that the Settlement Class Notice is reasonable, constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

11. The approved Settlement Administrator (CPT) shall carry out settlement administration in accordance with the terms of the Settlement Stipulation.

12. In accordance with prior Court orders, Groceries for Seniors is approved as the cy pres recipient for settlement funds not distributed to Settlement Class Members in accordance with the terms of the Settlement Stipulation. Dkt 644, p. 5.

13. Upon the Effective Date, and subject to fulfillment of all of the terms of the Settlement Stipulation, each and every Releasing Party shall be permanently

barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum. This Judgment is binding on all Settlement Class Members, except for Settlement Class Members who directly or through their legal successor submitted a valid and timely Request for Exclusion.

14. The Parties shall bear their own costs, except as provided in the Settlement Stipulation and the December 3, 2024 Order.

15. Within twenty-one (21) days after the substantial completion of the distribution of settlement payments to Settlement Class Members, Class Counsel shall file a post-distribution status report that includes all information required under the December 3, 2024 Order. Dkt 644, p. 23.

16. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment, the Settlement Stipulation, the Injunction, and all matters ancillary thereto.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: _____        _____
                                       Hon. Josephine L. Staton